■ HEALTH & BEAUTY STUDIOS, INC., Appellant, v GORDON GRAY, JR., et al., Respondents.—Order, Supreme Court, New York County, entered on December 20, 1977, granting defendants' motion for summary judgment dismissing the complaint and the judgment entered thereon on January 12, 1978, unanimously reversed, on the law, with costs and disbursements of this appeal payable to plaintiff-appellant, and the motion denied and the complaint reinstated. In this action seeking damages for conspiring to interfere with plaintiff's right to assign or sublet, the complaint raises triable issues of fact as to whether the defendants engaged in a fraudulent, calculated course of conduct to unreasonably withhold consent to assign the lease or sublet the leased premises; whether defendants misrepresented plaintiff's rights under the lease; and whether the defendant landlord possessed knowledge of the proposed subletting, and, if so, when he obtained such knowledge. Plaintiff was a tenant under a lease which gave it the right to sublet or assign with the written approval of the landlord, which was not to be unreasonably withheld. Plaintiff, after realizing that it could not economically make the necessary alterations to convert the leased premises into a health spa, allegedly obtained a prospective subtenant at an increased annual rental. The complaint alleges a fraudulent conspiracy among the defendants whereby the owner improperly refused to consent to the subletting, and holdover proceedings were commenced against the plaintiff tenant, pursuant to which plaintiff was induced to agree to a stipulation of settlement consenting to final judgment of possession, and the owner then negotiated an independent lease with the prospective tenant. It is contended that plaintiff informed defendant landlord about the proposed subletting to defendant Holy Spirit Association for the Unification of World Christianity. Then, through alleged fraudulent and deceitful conduct, the landlord misrepresented plaintiff's rights and subsequently negotiated a separate lease with the association. Defendants maintain that since plaintiff failed to make the necessary conversion into a health spa, it was in violation of its lease and, therefore, the refusal to consent to sublet was proper. Clearly, plaintiff has alleged sufficient facts to state a cause of action and presented issues which cannot be disposed of in advance of trial. Defendants additionally claim that a prior action (Gray v Health & Beauty Studios, Index No. 20792-72) for rent arrears in which Special Term dismissed defendant tenant's counterclaim is a bar to the present action. Normally, dismissal of the counterclaim would bar a subsequent action for fraud. However, in the instant action this court (48 AD2d 632) previously determined that the complaint sufficiently stated a cause of action for fraud and deceit. The order previously appealed from was entered prior to the dismissal of the counterclaim; therefore, this court has not previously considered application of the doctrine of res judicata to the instant action. We do not consider that res judicata is appropriately applied to bar this action. Concur—Sandler, J. P., Sullivan, Bloom, Lupiano and Ross, JJ.